## ALBERT DE FREEST v. THE CITY OF TROY.

*Practice* — *Code of Civil Procedure, sec. 191, sub. 3* — *power to allow an appeal under* — *by what General Term it must be exercised.*

The power to allow an appeal to be taken to the Court of Appeals, in the cases specified in subdivision 3 of section 191 of the Code of Civil Procedure, can only be exercised by the General Term which rendered the determination sought to be reviewed, or the next General Term held after judgment has been entered thereon. No subsequent General Term can allow such appeal to be taken.

APPLICATION for leave to appeal to the Court of Appeals.

*W. J. Roche*, for the motion.

*E. Countryman*, opposed.

BY THE COURT:

This was an action to declare an assessment illegal. Judgment was rendered for the plaintiff. An appeal was taken and was

argued at the General Term, November, 1882, and was affirmed at the same term; not (as incorrectly stated in the moving papers) in December, 1882. The judgment of affirmance was entered in December, 1882. The defendant appealed to the Court of Appeals. It is now stated to us that when the case was called for argument in the Court of Appeals, in December, 1884, that court suggested that the appeal was not properly taken; that it did not appear that the amount in controversy was more than $500, and that the court below had not allowed the appeal under section 191, subdivision 3; that the Court of Appeals then suggested to defendant's counsel that he should apply to the General Term for such an allowance. He now makes such an application.

By the section above cited such allowance can be made only at the General Term which rendered the determination, or at the next General Term after judgment is entered. This application is therefore, on its face, too late. The defendant's counsel, however, urges that section 783 permits us to relieve him. But that section only permits the court to relieve a party from his omission to do some act. Here the question is as to the power of the court. Indeed section 784, stating that the court cannot extend the time to appeal, shows by inference that we cannot at this time grant this application. The Court of Appeals might just as properly disregard section 191, subdivision 3, and hear this appeal without any allowance at all, as this court could disregard the same section and grant an allowance at a time when our power has terminated. Indeed it is safer for that court to disregard the statute, because there is no appeal from their action.

Application denied, with ten dollars costs.

Present—LEARNED, P. J., BOCKES and LANDON, JJ.

Motion for leave to go to Court of Appeals denied, with ten dollars costs.